# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

THE BANK OF NEW YORK )
MELLON, f/k/a THE BANK OF )
NEW YORK, as Trustee for the )
Certificateholders of CWMBS, Inc., )
CHL Mortgage Pass-Through Trust )
2007-9, Mortgage Pass-Through )
Certificates, Series 2007-9, )
          )
       Plaintiff, )
          )
          v. )      C.A. No. N15L-03-108 CLS
          )
J. M. SHREWSBURY, a/k/a )
J. MICHAEL SHREWSBURY, and )
KATHY SHREWSBURY, )
          )
       Defendants. )

Submitted: March 1, 2016
Decided: May 18, 2016

On Defendants' Motion for Reargument. **DENIED**.

## ORDER

Melanie J. Thompson, Esquire, Atlantic Law Group, L.L.C., Wilmington, Delaware, Attorney for Plaintiff.

Cynthia L. Carroll, Esquire, Cynthia L. Carroll, P.A., Newark, Delaware, Attorney for Defendants.

**SCOTT, J.**

On this 18th day of May, 2016, and upon Defendants', J. M. Shrewsbury, also known as J. Michael Shrewsbury, and Kathy Shrewsbury (collectively, "Defendants"), Motion for Reargument, it appears to the Court as follows:

1. On March 20, 2015, Plaintiff, The Bank of New York Mellon, formerly known as The Bank of New York ("Plaintiff"), as Trustee for the Certificateholders of CWMBS, Inc., CHL Mortgage Pass-Through Trust 2007-9, Mortgage Pass-Through Certificates, Series 2007-9, instituted a *scire facias sur* mortgage action against Defendants, arising out of Defendants' alleged breach by non-payment of monthly installments due under a mortgage executed by Defendants and pertaining to certain real property located in Middletown, Delaware.

2. On September 18, 2015, Plaintiff moved for summary judgment, contending that Defendants failed to plead any allowable defense(s) in their Answer and, thus, there is no genuine issue of material fact and Plaintiff is entitled to judgment as a matter of law.

3. On November 16, 2015, Defendants responded to Plaintiff's motion for summary judgment, arguing that Plaintiff lacks standing for failure to prove that it is the owner and/or holder of the promissory

note, which, Defendants contend, is required in order to enforce the mortgage under Delaware law.

4. On February 17, 2016, this Court issued an order granting Plaintiff's motion based on its finding that, because the assignment of the mortgagee's interest to Plaintiff was valid, under Delaware law Plaintiff has standing to pursue foreclosure of Defendants' mortgage. The Court further found no genuine issue of fact owing to Defendants' having failed to satisfy their burden of rebutting the presumption of authenticity of the mortgage, which they alleged.

5. On February 24, 2016, Defendants timely filed their Motion for Reargument under Superior Court Civil Rule 59(e), contending that the Court misapprehended the law and facts of this case such as would affect the outcome of the decision. Specifically, Defendants contend that the Court, in its order, misapprehended Defendants' argument as challenging the validity or enforceability of the mortgage assignments, rather than challenging whether the note was validly assigned. In support of this contention, Defendants explicitly refer to the argument previously made in their response to Plaintiffs' summary judgment motion—"that the mortgagee must also be the noteholder,

3

pursuant to the note and mortgage contract"[1]—this time, the Court notes, without citation to non-binding, and otherwise irrelevant, case law from other states and appellate district courts of appeal, but also, and more importantly, without reference to any relevant Delaware case law or other binding precedent on this issue.

6. On March 1, 2016, Plaintiff responded to Defendants' Motion, contending that Defendants' argument is misplaced, because the mortgagee's right to foreclose under Delaware law emanates from the mortgage, not the note, and, thus, Plaintiff, as legal holder of the mortgage, has standing to bring the instant action. In support of its argument, Plaintiff cites to numerous Delaware cases standing for the legal principle that, in Delaware, a *scire facias sur* mortgage action is based upon the mortgage, is strictly an *in rem* action, and has limited allowable defenses, *i.e.*, only payment, satisfaction, absence of seal, or a plea in avoidance of the deed, and, thus, such an action is separate and apart from an action to enforce the note, which it does not seek.

7. On a motion for reargument under Superior Court Civil Rule 59(e), the only issue is whether the Court overlooked something that

---

[1] Defs.' Mot. Rearg. ¶ 10.

would have changed the outcome of the underlying decision.[2] Thus, the motion will be granted only if "the Court has overlooked a controlling precedent or legal principles, or the Court has misapprehended the law or facts such as would have changed the outcome of the underlying decision."[3] A motion for reargument is not an opportunity for a party to rehash the arguments already decided by the Court or to present new arguments not previously raised.[4] A party seeking to have the Court reconsider the earlier ruling must "demonstrate newly discovered evidence, a change in the law, or manifest injustice."[5]

8.     Defendants fail to demonstrate that the Court has overlooked a controlling precedent or legal principles or misapprehended the law or facts as such would affect the outcome of the decision based on their unsupported, repetitive, and similarly unavailing argument that Delaware law requires a mortgagee hold both the note and the mortgage in order to bring a mortgage foreclosure action under 10 *Del. C.* § 5061(a). As such, Defendants' Motion merely rehashes the arguments already decided by the Court in its decision pertaining to

---

[2] *Brenner v. Vill. Green, Inc.*, 2000 WL 972649, at *1 (Del. Super. May 23, 2000) *aff'd*, 763 A.2d 90 (Del. 2000).
[3] *Kennedy v. Invacare, Inc.*, 2006 WL 488590, at *1 (Del. Super. Jan. 31, 2006).
[4] *Id.*
[5] *Brenner*, 2000 WL 972649, at *1.

5

summary judgment, as evidenced by Defendants' explicit reference to and repetition of the same arguments made in their response to Plaintiff's motion for summary judgment, which is not enough to support a motion for reargument under Rule 59(e).[6]

9.     Moreover, Defendants have offered no change in case law that would require the Court to reassess its decision to deny Plaintiff's motion for summary judgment.  Accordingly, Defendants have failed to satisfy the standard under Rule 59(e) for the Court to grant their Motion for Reargument.

For the foregoing reasons, Defendants' Motion for Reargument is **DENIED**.

**IT IS SO ORDERED**.

*/s/Calvin L. Scott, Jr.*
_____
**Judge Calvin L. Scott, Jr.**

---

[6] *See Brenner*, 2000 WL 972649, at *1.